**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SERVICOM LLC, | : | Case No. 18-31722 (AMN) |
| JNET COMMUNICATIONS LLC, and | : | Case No. 18-31723 (AMN) |
| VITEL COMMUNICATIONS LLC, | : | Case No. 18-31724 (AMN) |
| | : | |
| Debtors. | : | (Joint Administration Requested) |

**APPLICATION OF THE DEBTORS FOR ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

ServiCom LLC ("ServiCom"), JNET Communications LLC ("JNET") and Vitel Communications LLC ("Vitel"), debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, pursuant to Fed. R. Bankr. P. 1015(b) and Local Bankr. R. 1015-1, hereby request (the "Application") that the Court order joint administration of their estates. Pursuant to Local Bankr. R. 1015-1, the Debtors attach hereto as Exhibit A and incorporate herein by reference the Affidavit of David Jefferson (the "Jefferson Aff."), manager of JNET, setting forth facts warranting the joint administration of the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In support of their Application, the Debtors respectfully represent the following:

**BACKGROUND:**

1.      On October 19, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (such title hereinafter referred to as the "Bankruptcy Code"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtors continue to operate their businesses and manage their properties, affairs, and assets as debtors-in-possession. No trustee, examiner, or committee has been appointed in these cases.

2.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §

157(b).  Venue is proper in this Court for these cases and this Application pursuant to 28 U.S.C.

§§ 1408 and 1409, respectively.

3.      JNET is a Delaware limited liability company that provides overall management

and administrative functions as the holding company for ServiCom and Vitel.  (Jefferson Aff. at

¶¶ 2-3.)  JNET, in conjunction with its subsidiaries, constitute a full service, outsource provider of

customer contact management and telecommunication infrastructure fulfillment services to

Fortune 1000 companies.  (*Id.* at ¶¶ 2-3.)  JNET was founded in July 2003 by David Jefferson, a

former senior executive of Comcast Corporation and AT&T Corporation. JNET has grown

significantly since its founding. JNET realized on a consolidated basis $80 million in revenues in

2017 and is on track to generate revenues of $70 million in 2018 largely from its two separate but

complementary subsidiaries, ServiCom and Vitel.  (*Id.* at ¶¶ 3-4.)  As of the Petition Date, JNET

independently employs approximately 31 people.  (*Id.* at ¶ 3.)

4.      ServiCom is a Delaware limited liability company that is wholly owned by JNET.

ServiCom provides a comprehensive suite of call center outsourcing services to a broad range of

industries. The customer care and telemarketing capabilities include inbound calls, outbound calls,

internet sales, customer service, customer retention, customer affairs, market research, help desk,

lead management, interactive services, and fulfillment services. ServiCom primarily serves clients

in the insurance, utility and telecom industries. ServiCom maintains its principal assets and

operates a call center location in Milford, CT. ServiCom also operates call center locations in

Machesney Park, IL and Sydney, NS (Canada). As of the Petition Date, ServiCom employs

approximately 800 people.  (*Id.* at ¶ 5.)

5.      Vitel is a Delaware limited liability company that is also wholly owned by JNET.

Vitel provides installation and construction related services and other customer management

2

services to cable and telecom companies, including installation of cable and telephone equipment, high speed data and digital phone installation, multiple dwelling unit construction and customer save services. Vitel currently operates in Georgia, Maryland, New Jersey, Ohio and Texas. As of the Petition Date, Vitel employs approximately 25 people. (*Id.* at ¶ 6.)

6.      Unfortunately, the Debtors suffered significant losses in 2017 and 2018 year-to-date attributable to multiple factors.  (*Id.* at ¶ 7.)

7.      First, ServiCom expanded its operations in anticipation of significant additional business. Specifically, early in 2016, ServiCom was awarded a significant inbound calling program. This required the addition of a third call center in Illinois which opened in September 2016. The new program and facility required a tremendous investment in equipment, infrastructure, and personnel. This expansion also took much more time than anticipated—and with delay came further costs. This work had the potential to be ServiCom's single most profitable program. Unfortunately, the call volume anticipated from the customer did not materialize at the rate they projected, resulting in negative cash flows.  (*Id.* at ¶ 8.)

8.      Another customer decided in 2017 to discontinue its one type of inbound customer service work and replace it with another. This is not an issue in and of itself.  However, the pull back of the former work happened at a much faster pace than the substitution of the new work. The significant drop in revenue experienced during the phase out produced cash flows insufficient to cover the cost of the call center dedicated to this work. Then, in 2018, the customer cancelled the second program altogether leaving ServiCom with a large idle investment.  (*Id.* at ¶ 9.)

9.      As for Vitel, the overall shrinking of the residential cable industry significantly decreased revenue. In particular, starting in late 2017, one cable company reduced the amount of fulfillment work assigned to subcontractors like Vitel by 40%. This had a significant adverse

impact on cash flow. In response, Vitel took the necessary steps in 2018 to right size its operations in light of these changes only to see a further dip in revenue awarded.  The 2018 construction work from new contracts was also delayed from Q2 to Q3, compounding the overall losses suffered. (*Id.* at ¶ 10.)

10.     JNET and its subsidiaries have responded to this contraction by closing a number of facilities and otherwise reducing the size of its business and operations which has resulted in a significant reduction in its overhead and personnel costs. Their overall enterprise and infrastructure are now consistent with the volume of work they currently have and reasonably anticipate having for the foreseeable future. Unfortunately, there exists significant unpaid expansion costs, liabilities arising from the subsequent downsizing of its operations, and other resulting financial challenges. These circumstances have also placed a tremendous burden on JNET's and its subsidiaries' working capital. Thus, JNET, ServiCom and Vitel seek bankruptcy relief under Chapter 11 so they can focus on their going forward business and return to profitability, and address their liabilities. (*Id.* at ¶ 11.)

**REQUESTED RELIEF**:

11.     Fed. R. Bankr. P. 1015(b)(4) provides that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtors are all affiliates of one another as that term is used in Fed. R. Bankr. P. 1015(b). *See* 11 U.S.C. § 101(2); Fed. R. Bankr. P. 9001.

12.     Joint administration is appropriate here where the Debtors are interrelated businesses that simultaneously commenced their Chapter 11 cases. (Jefferson Aff. at ¶ 12.)  Jointly administering these estates will avoid the time and expense of duplicate motions and applications, entering duplicate orders and sending of duplicate notices to creditors. (*Id.* at ¶ 13.) *See, e.g., In re I.R.C.C., Inc.*, 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes

4

administrative convenience without affecting substantive rights); *In re Stuery*, 94 B.R. 553, 554

(Bankr. N.D. Ind. 1988) (same); *In re Parkway Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D.

Cal. 1988) (same), *aff'd*. 949 F.2d 1058 (9th Cir. 1991).

13.    The rights of respective creditors of the Debtors will not be adversely affected by

joint administration of these cases, because each creditor may still file its claim against the

particular estate which allegedly owes it money. *Stuery*, 94 B.R. at 553-54 (estates of each debtor

remain separate); *Parkway Calabasas*, 89 B.R. at 836 (debtors' assets and liabilities are not

merged; creditors look to separate debt or for payment).

14.    To the contrary, the rights of all creditors will be enhanced by the reduction in cost

resulting from joint administration. The Court will also be relieved of the burden of making

duplicate orders and keeping duplicate files.  Finally, supervision of the administrative aspects of

the Chapter 11 cases by the Office of the United States Trustee will be simplified.

15.    Accordingly, the Debtors respectfully request that the caption of their cases be

modified to reflect the joint administration of the Chapter 11 cases as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| In re | : | Chapter 11 |
|---|---|---|
| | : | |
| SERVICOM LLC, | : | Case No. 18-31722 (AMN) |
| JNET COMMUNICATIONS LLC, and | : | Case No. 18-31723 (AMN) |
| VITEL COMMUNICATIONS LLC, | : | Case No. 18-31724 (AMN) |
| | : | Jointly Administered Under |
| Debtors. | : | Case No. 18-31722 (AMN) |

16.    The Debtors also seek the Court's direction that a notation substantially similar to the

following notation be entered on the docket of each of the above-captioned cases of JNET and Vitel

to reflect the joint administration thereof:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of ServiCom LLC and its affiliates and the docket and case number 18-31722 should be consulted for all matters affecting this case.

17.     Finally, the Debtors request authority to file monthly operating reports required by the United States Trustee operating guidelines on a consolidated basis if the Debtors determine, after consultation with and upon the consent of the United States Trustee, that such consolidated reports would further administrative economy and efficiency, without prejudice to any party in interest, and would accurately reflect the Debtors' financial and operational interrelationships.

18.     No previous request for the relief sought herein has been made to this or any Court.

19.     The Debtors do not seek substantive consolidation by this Application.   (Jefferson Aff. at ¶14.)

WHEREFORE, the Debtors respectfully request that the Court enter the Order filed herewith providing for the joint administration of the respective bankruptcy estates of ServiCom LLC, JNET Communications LLC and Vitel Communications LLC, pursuant to Federal Bankruptcy Procedure 1015(b), and grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of October, 2018, at Bridgeport, Connecticut.

> SERVICOM LLC,
> JNET COMMUNICATIONS LLC
> and VITEL COMMUNICATIONS LLC
>
> THE DEBTORS
>
> By:    */s/ Stephen M. Kindseth*
>           James Berman (Federal Bar No. ct06027)
>           Stephen M. Kindseth (Federal Bar No. ct14640)
>           Patrick R. Linsey (Federal Bar No. ct29437)
>           ZEISLER & ZEISLER, P.C.
>           10 Middle Street, 15th Floor
>           Bridgeport, CT  06605
>           Tel. 203-368-4234
>           Fax 203-367-9678
>           Email:  skindseth@zeislaw.com
>                       jberman@zeislaw.com
>                       plinsey@zeislaw.com
>           Their Attorneys